NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re JACQUELINE M. MCBRIDE,**

*Petitioner*

---

2026-139

---

On Petition for Writ of Mandamus to the United States Court of Appeals for Veterans Claims in No. 23-1148, Judge Amanda L. Meredith, Judge Joseph L. Toth, and Judge Grant Jaquith.

---

## ON PETITION AND MOTION

---

Before TARANTO, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

### O R D E R

Jacqueline M. McBride petitioned the United States Court of Appeals for Veterans Claims alleging an unlawful discontinuation of an award for a total disability rating based on individual unemployability ("TDIU") and failure to adjudicate a higher-level review regarding entitlement to TDIU. A single judge denied the petition. On April 15, 2026, a panel of judges denied reconsideration but made the single-judge decision a decision of the panel. On April 21, 2026, Ms. McBride filed at this court an "Emergency

Writ of Mandamus" seeking, *inter alia*, an "emergency order staying" the April 15, 2026 decision.[1]

Although Ms. McBride's petition is styled as a request for mandamus relief, we have discretion to consider whether her filing constitutes a notice of appeal. *See Smith v. Barry*, 502 U.S. 244, 248 (1992). Here, the petition satisfies the requirements for a notice of appeal under Rule 3 of the Federal Rules of Appellate Procedure and would be timely if treated as such. We therefore treat the petition as a direct appeal and deny mandamus. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa,* 490 U.S. 296, 309 (1989) (holding that a party seeking a writ must show it has no other adequate means to obtain relief).

Our determination whether to grant interim relief is governed by four factors: (1) whether the movant has made a strong showing of a likelihood of success on the merits; (2) whether the movant will be irreparably injured absent the requested relief; (3) whether issuance of the requested relief will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Ohio v. Env't Prot. Agency*, 603 U.S. 279, 291 (2024) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)); *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 16 (2020). Based on the papers submitted, and without prejudicing the ultimate disposition of this case by a merits panel, we conclude that Ms. McBride has not shown that such relief is warranted here.

---

[1] On April 27, 2026, the court received a "Corrected Emergency Writ of Mandamus," ECF No. 6, which appears intended to replace ECF No. 2. The court therefore will take no action on ECF No. 2, which the court had sealed as a courtesy to Ms. McBride while we considered her filing. ECF No. 2 will remain sealed.

Lastly, Ms. McBride requests the court seal exhibits directed to letters of medical professionals describing her condition(s).[2] Federal Circuit Rules 25.1(e) and 30(g) generally require a party filing an appendix that references confidential information to file both a confidential version that is seen only by the parties and the court, and a non-confidential version that redacts the confidential information. As a courtesy, the court will seal the documents identified in footnote 2 of this order, but to the extent Ms. McBride also submits those letters in connection with briefing on her appeal (or any other material that merits confidentiality), Ms. McBride is directed to comply with Rules 25.1 and 30 regarding confidential and non-confidential versions of her filings.

Accordingly,

IT IS ORDERED THAT:

(1) The petition is denied. ECF No. 6 is treated as a timely notice of appeal in this matter. The Clerk of Court shall transfer this matter to the court's normal appeals docket, and Ms. McBride's opening brief is due within 60 days from the date of docketing of that appeal.

(2) The motion for a stay and/or injunction pending appeal is denied.

---

[2] Specifically, the court understands the sealing request to apply to ECF No. 6 at 415, 421–23, 866; 1020, and 1232–35.

4                                                    IN RE MCBRIDE

   (3)  The motion to seal is granted only to the extent pro-
vided in this order.

                                        FOR THE COURT



                                        Jarrett B. Perlow
                                        Clerk of Court

May 22, 2026
   Date